UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRI HUMES,

                Plaintiff,

v.                                      3:14-CV-0512
                                      (GTS/WBC)
CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                            OF COUNSEL:

LACHMAN & GORTON                   PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.      DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Terri Humes

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of

United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion

for judgment on the pleadings be denied, and that Defendant's motion for judgment on the

pleadings be granted, (2) Plaintiff's objections to the Report and Recommendation, and (3)

Defendant's response to Plaintiff's objections. (Dkt. Nos. 17, 19-20.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.      PLAINTIFF'S OBJECTIONS

Generally, Plaintiff argues that the Court should reject Magistrate Judge Carter's recommendation to affirm the Commissioner's determination because the Administrative Law Judge ("ALJ") erred in determining that Plaintiff has the residual functional capacity ("RFC") to perform light work. (Dkt. No. 19 at 1.)

First, Plaintiff essentially argues that Magistrate Judge Carter erred in finding that the opinion of State agency medical consultant Dr. Wheeler (that Plaintiff could perform light work) was not inconsistent with the opinion of consultative examiner Dr. Magurno (that Plaintiff had mild limitations in standing and walking, and marked limitations in squatting, bending, lifting, and carrying). (*Id.*) Within this argument, Plaintiff references Magistrate Judge Carter's finding that Dr. Magurno's opinion was not inconsistent with Dr. Wheeler's opinion that Plaintiff "could stand and/or walk for two hours of an eight hour work-day."[1] (*Id.*) In response to this finding, Plaintiff argues that an inability to stand six hours in an eight-hour workday would prevent her from performing light work. (*Id.*) Additionally, Plaintiff notes that the opinion of treating physician Dr. Ahmed (that she could occasionally lift five to ten pounds, and never lift more than ten pounds) indicated that she could not perform the lifting required for light work. (*Id.*)

Second, Plaintiff essentially argues that the opinions of examining physicians in the record indicate that Plaintiff is unable to perform light work and, therefore, the ALJ's RFC determination was unsupported by any opinion in the record from an examining physician. (*Id.*)

---

[1] The Court notes that Dr. Wheeler opined that Plaintiff could stand and/or walk for "about six hours," not two hours, in an eight-hour workday. (T. 70.)

## II. DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Generally, Defendant makes three arguments in her response to Plaintiff's objections. (Dkt. No. 20.) First, Defendant addresses Plaintiff's argument that she could not perform the standing required for light work based on Magistrate Judge Carter's statement that Dr. Magurno's opinion was not inconsistent with Dr. Wheeler's opinion that Plaintiff could "stand and/or walk for two hours in an eight hour work-day." (*Id.* at 2.) Defendant argues that Magistrate Judge Carter's statement contained an inadvertent typographical error, and there is no question that Dr. Wheeler opined that Plaintiff could stand and/or walk for six, rather than two, hours in an eight-hour workday. (*Id.*)

Second, Defendant argues that Plaintiff has not shown that a marked limitation in bending is inconsistent with light work. (Dkt. No. 20 at 2.) Within this argument, Defendant notes that (1) light work requires the ability to bend occasionally, meaning one-third of an eight-hour workday, and (2) this District has found that a claimant with a marked limitation in performing a work-related function could perform that function occasionally. (*Id.*)

Third, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff would be able to perform the lifting required for light work including, (1) treating nurse practitioner Munroe's assessment that Plaintiff could lift and/or carry up to 20 pounds, and (2) Dr. Wheeler's opinion that Plaintiff could frequently lift ten pounds and occasionally lift 20 pounds during an eight-hour workday. (*Id.* at 2-4.)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate

3

judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## IV. ANALYSIS

The Court finds that Plaintiff's first objection (as set forth above in Part I. of this Decision and Order) constitutes a specific challenge to the Report and Recommendation. Therefore, the Court reviews the portion of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's first objection *de novo*. Magistrate Judge Carter found that Dr. Magurno's opinion was not inconsistent with Dr. Wheeler's opinion that Plaintiff could "stand and/or walk for two hours in an eight hour work-day." (*Id.* at 2.) A review of the record confirms that Dr. Wheeler opined that Plaintiff could stand and/or walk for "about six hours" in an eight-hour workday. (T. 70.) Although Magistrate Judge Carter's finding contained a typographical error, it is harmless under the circumstances. Elsewhere in the Report and Recommendation, Magistrate Judge Carter correctly noted that Dr. Wheeler opined that Plaintiff could perform the exertional requirements of light work, and Magistrate Judge Carter correctly found that Dr. Magurno's opinion was not inconsistent with Dr. Wheeler's opinion. (Dkt. No. 17 at 18, 21.)

4

Turning to Plaintiff's remaining objections, the Court finds that Plaintiff's second and third objections (as set forth above in Part I. of this Decision and Order) merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 19 *with* Dkt. No. 13.) Therefore the Court reviews the portions Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's second and third objections for clear error only. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 17.)

Therefore, the Court accepts and adopts the Report and Recommendation in its entirety for the reasons stated herein, in the Report and Recommendation, and in Defendant's response to Plaintiff's objections. (Dkt. Nos. 17, 20.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: April 11, 2016
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge